Per Curiam:
 

 Bayard,
 
 Chief Justice.
 

 The question presented for the consideration of the court is, whether the tenant in possession not claiming under the mortgage, can set up an unsatisfied mortgage against the mortagor, to prevent his recovering in ejectment. The action of ejectment is a fictitious remedy to try the title, to the possession of lapds, and should be adapted to attain the ends of justice. The mortgage is regarded both at law and in equity, as a mere security for the debt; and lord Mansfield in the case of the
 
 King
 
 vs.
 
 St.
 
 Michael’s,
 
 (Doug. Rep.
 
 630,) says “it is an affront to common sense to say the mortgagor is not the real owner;” that “the mortgagee, notwithstanding the form has but a chattel, and the mortgage is only a security. In the case of
 
 Jackson
 
 vs.
 
 Willard,
 
 (4
 
 Johns. Rep.
 
 43,) it was decided by the Supreme Court of New York, that lands mortgaged could not be sold on an execution against the mortgagee before foreclosure of the equity of redemption, though the debt be due and the estate of the mortgagee has become absolute at law; and in delivering the opinion of the court in that case, Kent, chief justice, says, “at the time of the sale, the mortgaged premises continued to be real estate in the hands of the mortgagor, and liable to be sold on execution against him. Until foreclosure, or at least until possession taken, the mortgage remains in the light of a chose in action.” And in the case of
 
 Collins
 
 vs.
 
 Torry,
 
 (7
 
 Johns. Rep. 282,)
 
 the court ex-, pressly say “a mortgage before foreclosure or entry, is not now regarded as a legal estate, which a stranger can set up. It can only be used by the mortgagee and his representatives.” The result of] the whole current of authorities is thus stated by Kent in his com-] mentaries, vol. 4,160. “Except as against the mortgagee the mortgagor while in possession and before foreclosure, is regarded as the real owner and a freeholder, with the civil and political rights belonging to that character; whereas the mortgagee, notwithstanding
 
 *283
 
 the form of the conveyance, has only a chattel interest, and his mortgage is a mere security for a debt.” The precise point presented in this c'ase has also been decided in the late Court of Errors and Appeals of this State, in the case of
 
 Robinson
 
 vs.
 
 Harriss’ lessee,
 

 (a)
 

 Gray,
 
 for plaintiff.
 

 Wales,
 
 for defendant.
 

 Judgment for the plaintiff.
 

 (a)
 

 J.
 
 & S.
 
 Robinson
 
 vs.
 
 Jesse Harriss’ lessee.
 
 High Court of Errors and Appeals. June term, 1818. Ejectment. The plaintiffs, tenants in common, of the lands in question, mortgaged them to one Evans, and af-terwards eonveyed them to Harriss by deed of bargain and sale. An ejectment was subsequently brought by Harriss, to recover the possession of the premises, and J. & S. Robinson set up their mortgage to Eyans in bar, &c.
 

 Ridgely,
 
 chancellor. — The court below was right. 1. The Robinsons were estopped by their deed to Harriss, from setting up their mortgage to Evans; they were barred to aver against their own act.
 
 (Esp.
 
 457.) 2.
 

 We recognize
 
 Doe ex dem., Bristowe
 
 vs.
 
 Pegge,
 
 (1
 
 Term. Rep.
 
 759,) as sound law, notwithstanding its being overruled in the case of
 
 Doe ex dem., Hodgson
 
 vs.
 
 Staple,
 
 (2
 
 Term Rep.
 
 684.) There was no dispute between Harriss and Evans; the latter did not interfere in the suit. Mortgages are, more especially in this State, to be considered
 
 merely
 
 in the light of secu-Irities for the payment of money; the mortgagee is rarely, if ever, put in possession of the land.
 

 Note.
 
 — During the argument of this case, the chancellor took occasion Jo observe that the widow of
 
 cestui que trust
 
 was, in this State, entitled to aer dower; and that the hasty decisions which gave rise to the rule in the Dnglish courts to the contrary were disregarded.
 
 Godwin
 
 vs.
 
 Winsmore,
 
 12
 
 Atk.
 
 526.)